CR# 04-1745-CBS

## AFFIDAVIT

I, Mattheu Kelsch, having been duly sworn, on oath depose and state that:

1. I am a Special Agent assigned to the Boston Field Office of the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since 2001. As an ATF Special Agent, I am responsible among other things for conducting investigations relating to the violation of federal firearms, arson and explosive laws, and have participated in numerous arson investigations.

2. I am aware based on my training and experience that Title 18, United States Code, Section 844(i) makes it a federal offense for anyone to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named Todd F. Leccese (LECCESE) with arson in violation of 18 U.S.C. §§844(i) and 2, on June 19, 2003.

3. The statements contained in this affidavit are based on my own investigation and on information provided to me by other ATF agents and local and state police officials. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts that I

believe are sufficient to establish probable cause to believe that LECCESE has committed arson in violation of the statutes.

4.  I and others have been involved in an ongoing investigation regarding several suspicious fires which occurred at certain businesses in Chelsea, Massachusetts over an approximate 27 month period. In March of 2001, LECCESE opened a furniture and bargain goods store called TL's Discouont at 320 Broadway. Subsequently, between April 4, 2001, and July 23, 2003, four different commercial businesses located within two blocks of LECCESE's store suffered at least eleven attempted or actual fires. The affected businesses include Doug's Bargains on Broadway, at 430 Broadway, and then again after it moved to 472 Broadway, Doug's Jewelry Store at 411 Broadway, New England Discount Center Furniture at 306 Broadway, and Slaton's Furniture Jewelry and Appliances (Slaton's) at 286-294 Broadway. In addition to their proximity to TL's Discount, each of the businesses sold furniture or bargain goods or jewelry and thus competed with LECCESE's store.

5.  This complaint concerns a fire that occurred at Slaton's on June 19, 2003. Slaton's opened in 1939 and moved to 288 Broadway in 1941, eventually expanding into a conjoining building at 290 Broadway. As of June of 2003, the store was still operating, profitably, and sold, among other things, furniture and kitchen appliances. I am aware as a result of my

investigation that the majority of furniture and kitchen appliances Slaton's sold were manufactured outside of Massachusetts and then shipped to the store.

6. On June 12, 2003, at approximately 2:25 a.m., someone gained access to the roof of the building of the store and poured an accelerant, which is any flammable liquid, down a rooftop vent pipe. However, aside from some damage to the floor under the vent pipe system, there was only slight smoke and water damage. One week later on June 19, 2003, however, someone again gained access to the rooftop. This time, the person drilled holes in the roof and poured an accelerant down through them, and then ignited the liquid. As a result, a small area of the store suffered fire damage, a larger area suffered smoke damage, and the majority of the store suffered water damage.

7. Following the fire, and in large part because of the fire, the owner decided to retire and sell the building. In October of 2003, LECCESE bought the building and relocated his business there. I am aware that the space at 286-294 Broadway is substantially larger than the space at 320 Broadway where TL's Discount had been housed.

8. In July of 2003, various individuals and organizations offered rewards for information regarding the fires at Slaton's and the other businesses. At least two individuals approached the owner of Doug's Bargain Store and the owner of the building

in which the store is located, Douglas Lurie (Lurie) and Paul Rugo (Rugo), respectively, and provided them with information about the fires in exchange for some of the reward money.

9. One of the individuals was a longtime Chelsea resident named Shawn Sandler. Sandler met with Lurie and/or Rugo on at least four occasions in September and October of 2003. Although Sandler denied having anything to do with any of the fires, he provided Rugo and Lurie with specific details about an attempted fire and an actual fire at Doug's Bargain Store in July of 2003. Sandler stated that he learned of this information only from speaking with the person who actually set the fire, whose identity he would not disclose, but the specific details and information he provided, much of which were unknown to the public, strongly suggested that he was intimately familiar with the layout of the building and details of how the fire was set.

10. Sandler stated that LECCESE is the person who ordered the fires to be set, and that his goal was to eliminate his competition in the Broadway area. Sandler stated that LECCESE had asked him to set fires at Doug's Bargain Store as well as at New England Discount Center Furniture, but that he had declined to do so.

11. I am aware that Sandler was arrested on an unrelated matter in November of 2003 and was incarcerated at the Essex County Correctional facility in Middleton, Massachusetts. While

there, Sandler subsequently made a number of statements regarding the fires to a cooperating witness (CW-1). Among other things, Sandler told CW-1 that he had set several fires in the Broadway area for a Chelsea business owner named Todd who was trying to eliminate his competition.

12. The second individual who approached Rugo and Lurie with information regarding the fires is an individual referred to here as CW-2. CW-2 told Rugo and Lurie that Sandler had admitted to CW-2 that Sandler had set the fires at Slaton's and Doug's Bargain Store at LECCESE's request, in order to eliminate LECCESE's competition in the Broadway area.

13. Law enforcement officials subsequently monitored conversations between CW-2 and LECCESE at LECCESE's store on October 27 and November 7, 2003. Among other things, CW-2 half jokingly told LECCESE a number of times that Sandler was complaining that he should have received more compensation for setting the fire at Slaton's because it allowed LECCESE to relocate his business to that location. In response, LECCESE replied that he had sufficiently paid Sandler for his services.

14. Finally, I am aware that on November 18, 2003, Sandler, who was incarcerated at the time, directed the mother of his child to visit LECCESE at LECCESE's store to deliver a letter from Sandler in which Sandler asked LECCESE to give the woman $200 per month until Sandler was released from prison. LECCESE

gave her $200 but told her that he had heard that Sandler was thinking of "giving him up." When the woman reported this news to Sandler later that day, he became angry and directed her to place a third-party call to LECCESE at LECCESE's store. I have listened to a recording of the conversation between Sandler and LECCESE. Although the men did not reference any of the fires specifically, Sandler repeatedly reassured LECCESE that he would not give him up, especially because he could not give LECCESE up to police without incriminating himself.

15. Based on the foregoing, I have probable cause to believe that TODD F. LECCESE damaged or attempted to damage, by means of fire, Slaton's on June 19, 2003, in violation of 18 U.S.C. §§844(i) and 2.

MATTHEU KELSCH
Special Agent, ATF

Sworn and subscribed to before me this 1st day of June, 2004

CHARLES B. SWARTWOOD, III
U.S. Magistrate Judge